UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yalcin Cicek,<br><br>                    Plaintiff,<br><br>         -v-<br><br>Green Station Auto Services Inc., *et al.*,<br><br>                    Defendants. | 2:23-cv-5448<br>(NJC)(ARL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Plaintiff Yalcin Cicek ("Cicek") initiated this action against Defendants Green Station Auto Services Inc. ("Green Station") and Wen Jian Huang ("Huang") (collectively, "Defendants") on July 19, 2023, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the New York Labor Law ("NYLL"), Articles 6 and 19; and Part 142 of Title 12 of New York's Official Compilation of Codes, Rules and Regulations. (Compl., ECF No. 1.) Defendants answered the Complaint and alleged three common law counterclaims: violation of the faithless servant doctrine, tortious interference with business relations, and malicious prosecution. (Countercls., ECF No. 12.) Before the Court is Cicek's Motion to Dismiss Defendants' counterclaims. (Mot., ECF No. 20.) For the following reasons, the Court grants the Motion in its entirety.

## BACKGROUND

The following facts are taken from Defendants' Answer and Counterclaims.[1] Defendant Green Station operates as a gas station. (Countercls. ¶ 2.) Cicek worked at Green Station from January 2017 to May 2023. (*Id.* ¶ 5.) Beginning around 2019, according to Defendants, Cicek allegedly "engaged in a fraudulent pattern of behavior" including forging customers' signatures, forging service receipts and invoices, and stealing money from customers and Defendants. (*Id.* ¶ 6.) Cicek allegedly charged excessive money on corporate customers' house accounts and credit cards and took cash from Defendants. (*Id.* ¶ 7.) Around the end of 2021, Huang became aware of this alleged conduct when "customers questioned why they were charged for gas service when the cars were not moved or used at all for the past few months." (*Id.* ¶ 9.) Defendants allege, upon information and belief, that because of Cicek's "fraudulent behavior," they lost many customers and at least $22,000 and suffered reputational harm. (*Id.* ¶¶ 10, 12.) The parties allegedly agreed that Cicek would pay a portion of the $22,000 back to Defendants each pay period, from March 2022 to May 2023. (*Id.* ¶¶ 12–14.)

## PROCEDURAL HISTORY

On July 19, 2023, Cicek filed the Complaint in this action, alleging that Defendants failed to pay him overtime wages, made unlawful deductions from his wages, and failed to provide wage notices and statements. (*See generally* Compl.) On September 8, 2023, Defendants filed the Answer and Counterclaims, alleging that Cicek violated the faithless servant doctrine and committed tortious interference with business relations by forging customers' signatures, forging invoices and receipts, and stealing money, and that Cicek committed malicious prosecution by filing the instant action. (*See generally* Countercls.) On September 26, 2023, Cicek filed a letter

---

[1] Paragraph references refer to the counterclaims beginning on page thirteen, ECF No. 12.

2

requesting a pre-motion conference on his anticipated motion to dismiss the counterclaims. (ECF No. 14.) Defendants filed a response on October 2, 2023. (ECF No. 15.) On October 18, 2023, the case was reassigned to this Court's docket. (Elec. Order, Oct. 18, 2023.) On November 6, 2023, the Court denied Cicek's request for a pre-motion conference and entered a briefing schedule. (ECF No. 16.)

On December 19, 2023, Magistrate Judge Arlene R. Lindsay ordered the parties to participate in mediation. (Elec. Order, Dec. 19, 2023.) On January 12, 2024, the fully-briefed Motion to Dismiss was filed on the docket. (Mot., ECF No. 20; Pl.'s Br., ECF No. 20-1; Opp'n Br., ECF No. 21; Reply Br., ECF No. 22.) On February 13, 2024, the parties reported that the mediation did not result in settlement of the action. (Rep. of Mediation, Feb. 13, 2024.)

Cicek argues that this Court should dismiss Defendants' faithless servant doctrine and tortious interference with business relations counterclaims for lack of subject matter jurisdiction and should dismiss Defendants' tortious interference and malicious prosecution counterclaims for failure to state a claim. (Pl.'s Br. at 1.) According to Cicek, Defendants' faithless servant doctrine and tortious interference counterclaims are permissive counterclaims over which this Court should not exercise supplemental jurisdiction under 28 U.S.C. § 1367. (*See id.* at 7–11.) Cicek argues that these counterclaims are only related to Plaintiff's wage and hour claims by virtue of the parties' employment relationship, and that this "slim connection cannot support a finding that Defendants' counterclaims are compulsory because they do not arise out of the transaction or occurrence that is the subject matter of Plaintiff's Complaint." (*Id.* at 9 (brackets omitted).) Cicek notes that Defendants' counterclaims are based on allegations that he "forged signatures of Defendants' customers, stole money from Defendants' customers, stole money from Defendants, and forged service receipts/invoices," whereas Cicek's wage and hour claims

3

"are concerned with how many hours he worked, what his rate of pay was, whether he was paid time and a half for overtime hours worked, and whether he and Defendants meet the definitions of 'employee' and 'employer,' respectively." (*Id.* at 8–9.) Cicek argues that the faithless servant doctrine and tortious interference counterclaims are "completely unrelated to Plaintiff's wage and hour claims," and that the Court should not exercise supplemental jurisdiction over them because doing so would "not satisfy the demands of judicial economy" and would instead "necessitate discovery pertaining to numerous facts not otherwise at issue." (*Id.* at 10.)

Cicek further argues that this Court should dismiss Defendants' tortious interference and malicious prosecution counterclaims for failure to state a claim. (*See id.* at 11–14.) Regarding the tortious interference counterclaim, Cicek argues that Defendants fail: (1) to identify "a single customer or other specific third party with whom they had a business relationship and which [sic] Plaintiff allegedly interfered"; and (2) to allege that "as a result of Plaintiff's actions, . . . any of these unidentified customers did not buy from Defendants or that any order was canceled [sic] or that they had an actual, legitimate expectation as to their further patronage." (*Id.* at 11–12.) Regarding the malicious prosecution counterclaim, Cicek argues that Defendants fail to allege that a prior civil action terminated in their favor, or that they suffered special injury. (*Id.* at 13–14.)

In opposition, Defendants argue that the Court should exercise supplemental jurisdiction over their faithless servant counterclaim because it is related to Defendants' recoupment and setoff affirmative defenses and shares a "common nucleus of operative fact with the underlying wage and hour claim" due to the fact that both are "based on Plaintiff's employment with Defendants." (Opp'n Br. at 4.) Defendants also argue that the claims are related because "Plaintiff's breaching of the faithless servant doctrine will impact the Plaintiff's ability to

4

recover damages under the wage and hour claims." (*Id.*) According to Defendants, "it would be a waste of judicial resources" for this Court to determine damages for the wage and hour claims only for another court to determine whether Cicek must forfeit those damages under the faithless servant doctrine. (*Id.*) Defendants argue that if this Court finds that the faithless servant counterclaim is part of the same case or controversy as Cicek's wage claims, it should do the same for the tortious interference counterclaim because "it would be inconvenient" for Defendants to litigate that counterclaim in state court "when it could have been resolved in one single federal case." (*Id.* at 5.)

Defendants also argue they have adequately pled a counterclaim for tortious interference with business relations. According to Defendants, this claim does not require an existing contract and the Counterclaims sufficiently allege that "Plaintiff's fraudulent behavior caused Defendants to lose . . . existing customers and/or potential customers [who] chose not to use or continue to use Defendants' services because either being [sic] victims of Plaintiff's fraudulent behavior or knowing of the Plaintiff's fraudulent behavior, which was [sic] greatly impacted Defendants' reputation." (*Id.* at 6.) Defendants do not address Cicek's arguments for dismissal of the malicious prosecution counterclaim for failure to state a claim. (*See generally* Opp'n Br.)

## STANDARDS OF REVIEW

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Russo v. United States*, No. 22-1869-CV, 2024 WL 726884, at *1 (2d Cir. Feb. 22, 2024) (quoting *Green v. Dep't of Educ. of the City of New York*, 16 F.4th 1070, 1075 (2d Cir. 2021)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A district

5

court may refer to evidence outside the pleadings to resolve a motion to dismiss for lack of subject matter jurisdiction. *See id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A court considers a Rule 12(b)(1) challenge before other arguments for dismissal because dismissal for lack of subject matter jurisdiction renders a defendant's defenses and objections moot. *See Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019); *see also Pressley v. City of New York*, No. 11-CV-03234, 2013 WL 145747, at *5 (E.D.N.Y. Jan. 14, 2013) ("A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction.").

    To avoid dismissal under Rule 12(b)(6), a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Green*, 16 F.4th at 1076–77 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs." *Melendez v. City of New York*, 16 F.4th 992, 1010 (2d Cir. 2021) (citation and brackets omitted). Nevertheless, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 91 (2d Cir. 2021) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). While "detailed

6

factual allegations" are not required, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quotation marks and citations omitted). A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation marks, and citations omitted).

## DISCUSSION

As an initial matter, Defendants failed to respond to Cicek's argument that the malicious prosecution counterclaim must be dismissed for failure to state a claim. (*See generally* Opp'n Br.; Reply Br. at 6.) "A district court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Randall v. Dish Network, LLC*, No. 217CV05428ADSGRB, 2018 WL 3235543, at *5 (E.D.N.Y. July 2, 2018) (citing *Williams v. Mirabal*, No. 11 Civ. 366, 2013 WL 174187, at *2 (S.D.N.Y. Jan. 16, 2013)) (quotation marks omitted); *see also id.* ("The failure to provide argument on a point at issue constitutes abandonment of the issue . . . which provides an independent basis for dismissal." (citing *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997), *aff'd*, 130 F.3d 1101 (2d Cir. 1997)) (brackets omitted)). Defendants have abandoned the malicious prosecution counterclaim, and the Court therefore dismisses it.

Defendants' brief does not address whether they consider the remaining counterclaims for breach of the faithless servant doctrine and tortious interference with business relations to be compulsory or permissive. (*See generally* Opp'n Br.) Under the Federal Rules of Civil Procedure, counterclaims are either compulsory or permissive. *See* Fed. R. Civ. P. 13(a), (b). A counterclaim is compulsory if it "arises out of the [same] transaction or occurrence" as the underlying claim and does not require "the presence of third parties of whom the court cannot obtain jurisdiction." Fed. R. Civ. P. 13(a). All other counterclaims are permissive. Fed. R. Civ. P.

13(b). "[T]his Circuit has long considered [the 'transaction or occurrence'] standard met when there is a logical relationship between the counterclaim and the main claim" such that "the essential facts of the claims [are] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (citations omitted).

Here, Defendants' remaining counterclaims are permissive. The Complaint centers on allegations that Defendants failed to pay overtime wages, unlawfully deducted wages, and failed to provide wage notices and statements. (*See generally* Compl.) By contrast, Defendants' counterclaims focus on allegations that Cicek stole money and forged customers' signatures, invoices, and receipts. Resolving Defendants' counterclaims for breach of the faithless servant doctrine and tortious interference with business relations in this action would require additional discovery not necessary for resolving Cicek's wage and hour claims. Because "the essential facts for proving the counterclaims and the [underlying] claim are not so closely related that resolving both sets of issues in one lawsuit would yield judicial efficiency," the faithless servant doctrine and tortious interference counterclaims are permissive. *Jones*, 358 F.3d at 210.

A court will exercise supplemental jurisdiction over permissive counterclaims if they are "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In other words, those claims must "derive from a common nucleus of operative fact." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (citing *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156 (1997)). "In determining whether two disputes arise from a common nucleus of operative fact, [courts] have traditionally asked whether the facts underlying the federal and state claims substantially overlap[] . . . ." *Achtman v. Kirby, McInerney & Squire,*

8

*LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quotation marks omitted). No common nucleus of operative fact exists "where the state law claims involve[] different rights, different interests, and different underlying facts than the federal claims." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008) (quotation marks omitted).

The Court will not exercise supplemental jurisdiction over Defendants' permissive counterclaims for breach of the faithless servant doctrine and tortious interference with business relations because they do not share a common nucleus of operative fact with Cicek's FLSA and NYLL claims. The allegations underlying Cicek's claims that Defendants failed to pay overtime wages, unlawfully deducted wages, and failed to provide wage notices and statements do not overlap with Defendants' counterclaims alleging that Cicek stole money and forged customers' signatures, invoices, and receipts. Indeed, as noted above, resolving the counterclaims would require discovery unnecessary to resolution of Cicek's claims. *See Johnson v. Corp. Express, Inc.*, No. 20CV4627LDHMMH, 2022 WL 992633, at *2 (E.D.N.Y. 2022) (refusing to exercise supplemental jurisdiction over defendant's faithless servant doctrine counterclaim based on allegations that plaintiff was stealing money because an employment relationship alone was insufficient overlap and supplemental jurisdiction would require additional discovery not required to resolve plaintiff's federal claims); *see also Torres*, 628 F. Supp. 2d at 468 (declining to exercise supplemental jurisdiction over defendant's permissive faithless servant doctrine counterclaim because none of the facts underlying defendant's allegations that plaintiff sexually harassed co-workers and falsified information overlapped with plaintiff's wage and hour claims). In this action, "[a]t most, plaintiff's employment relationship with the defendants is the sole fact that connects the federal and state claims, but that fact alone is insufficient to form the basis of supplemental jurisdiction." *Anwar v. Stephens*, No. CV 15-4493 (JS)(GRB), 2016 WL 4468090,

9

at *4 (E.D.N.Y. Aug. 3, 2016), *report and recommendation adopted*, No. 15-CV-4493(JS)(GRB), 2016 WL 4468239 (E.D.N.Y. Aug. 24, 2016). As a result, the Court lacks subject matter jurisdiction over Defendants' faithless servant doctrine and tortious interference counterclaims.

Defendants argue that this Court can exercise supplemental jurisdiction over their faithless servant doctrine counterclaim because it is related to Defendants' recoupment and setoff affirmative defenses. (Opp'n Br. at 4.) But such affirmative defenses do not "confer subject matter jurisdiction—otherwise any claim of any sort for money damages that a defendant might assert against a plaintiff could be heard by a federal court on the theory that an award against plaintiff would 'offset' any award against the defendants." *Garcia v. Three Decker Rest., Ltd.*, No. 22 CIV. 01387 (CM), 2023 WL 2969277, at *2 (S.D.N.Y. Apr. 17, 2023).

Because the Court lacks subject matter jurisdiction over Defendants' counterclaims for breach of the faithless servant doctrine and tortious interference with business relations, it does not reach Cicek's arguments that these claims must be dismissed under Rule 12(b)(6) for failure to state a claim.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion to Dismiss Defendants' counterclaims in its entirety. (ECF No. 20.) Defendants' counterclaims for breach of the faithless servant doctrine, tortious interference with business relations, and malicious prosecution are dismissed from this action.

Dated: Central Islip, New York
May 17, 2024

                                        */s/ Nusrat J. Choudhury*
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge